UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

MAIETTA CONSTRUCTION, INC.
& MAIETTA ENTERPRISES, INC.

Debtor.

Chapter 11

Case Nos. 10-21171 and 11-20197

Jointly Administered

## DECLARATION OF VINCENT A. MAIETTA IN SUPPORT OF DEBTORS' JOINT PLAN OF REORGANIZATION DATED APRIL 7, 2011

I, Vincent A. Maietta, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the President and sole shareholder of V&E Enterprises, Inc. ("V&E") and, in 2009, became the President of Maietta Construction, Inc. ("Construction"). I am also an officer of Maietta Enterprises, Inc. ("Enterprises").

2. Premised on serving in the above-referenced capacities, I am familiar with the operations and finances of V&E, Construction, and Enterprises and all facts set forth herein are based upon my personal knowledge, upon my review of relevant documents, and my experience and knowledge of the operations and financial condition of V&E, Construction, and Enterprises. If I were called to testify, I could and would testify competently to the facts set forth herein.

3. I submit this declaration in support of the Debtors' Joint Plan of Reorganization Dated April 7, 2011 [Docket No. 238] (the "Plan") filed by Construction and Enterprises (collectively, the "Debtors") and in support of the Joint Motion for Order: (I) Approving Post-Petition Borrowing between Maietta Construction, Inc., Maietta Enterprises, Inc. and Coastal

Realty Capital; and (II) Determining that Blackstone Equipment Financing LP is Adequately Protected [Docket No. 258].

4. As set forth in the Plan, subsequent to confirmation I will serve as the President and sole director of the Reorganized Debtor.[1] I will serve in this role without receiving compensation. Additionally, I anticipate that the following people will be employed by the Reorganized Debtor and will receive the following compensation:

| | |
|---|---|
| Thomas Maietta: | $750.00/week |
| Robert Maietta: | $750.00/week |
| James Maietta: | $750.00/week |
| Neil Maietta: | $750.00/week |
| Sara Maietta: | $620.00/week |
| Michael Maietta, Jr.: | $990.00/week |
| Adam L. Maietta: | $10.00/hour |

5. As of the date of this Declaration, Berkley Regional Insurance Company ("Berkley") has issued two post-petition bonds for construction projects. Specifically, Berkley has issued a bond for a construction project in South Portland at the Port Harbor Marina, which has a contract value of $108,000.00, and a bond for a construction project in Scarborough at Higgins Beach, which has a contract value of $137,750.00.

6. Pursuant to that certain Promissory Note dated April 16, 2004 (the "Note"), V&E agreed to loan Construction a principal amount of $300,000.00. A true and correct copy of the Note is attached hereto as **Exhibit A**. The Note is secured by a Security Agreement dated April 16, 2004 (the "Security Agreement"), pursuant to which Construction's obligations under the Note are secured by all or substantially all of Construction's personal property,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

2

including, but not limited to, equipment, accounts receivable, general intangibles, and all tangible and intangible goods. A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**. As set forth in the Security Agreement, the Security Agreement secures the repayment of the principal amount of the Promissory Note as well as "future advances to be made by Secured Party to Debtor at Secured Party's option" and "all liabilities of Debtor to Secured Party now existing or hereafter incurred." Security Agreement, p. 4.

7. V&E's security interest was properly perfected by the filing of a UCC-1 Financing Statement with the Maine Secretary of State against Construction on April 20, 2004, a true and correct copy of which is attached hereto as **Exhibit C**, and which Financing Statement was subsequently continued.

8. From approximately June 2006 through July 2010, V&E made substantial loans to Construction and/or certain of the Construction affiliates, which have since been merged into Enterprises. Specifically, V&E loaned approximately $2.61 million to Construction from June 2006 through July 2010, which debt is secured by security interests in all or substantially all of Construction's personal property under the terms of the Security Agreement.

9. V&E loaned an additional $428,014.47 to Enterprises (or the affiliates now merged into Enterprises) between June 2006 and July 2010. Accordingly, between June 2006 and July 2010, V&E loaned over $3 million to the Debtors.

10. As set forth above, over $2 million of the amounts owed by the Debtors to V&E is secured debt of Construction. As set forth more fully in the Plan, V&E will convert its secured and unsecured claims to equity in the Reorganized Debtor in the event the Plan is confirmed.

11. Under the Plan, the Allowed Secured Claims of V&E are treated in accordance with Class Five. As set forth in Article III, section 3.5 of the Plan, "[t]o the extent [the] Plan is

confirmed, and the provisions of Article VIII are implemented in full by the Confirmation Order, the Class 5 claims shall be satisfied in full by receipt of 100% of the Equity Interests in the Reorganized Debtor." Plan, Art. III, § 3.5.

12. Article VIII of the Plan provides in pertinent part that

> [i]n consideration of the conversion of the V&E secured debt to equity in the Reorganized Debtor, as well as the waiver of claims of the Individual Shareholders, and provided that there is no default with regard to the payments required by the Plan as to any class of Allowed Claims, the Confirmation Order shall temporarily enjoin all entities including, but not limited to, all creditors, claimants, parties-in-interest, investors and Holders of all Claims and Interests of or against the Individual Shareholders, from asserting any Claims or causes of action against the Individual Shareholders, including, without limitation, in their capacity as guarantors, co-makers, or responsible parties of the obligations of, or co-debtors with, any or all of the Debtors . . . .

Plan, Art. VIII, § 8.5.

13. Sections 3.5 and 8.5 of the Plan provide that V&E will subordinate its secured claims against Construction—which claims total approximately $2 million as of Construction's petition date—but only if the Individual Shareholders receive the benefit of a temporary injunction prohibiting claimants from pursuing their claims against the Individual Shareholders. As set forth in section 8.5 of the Plan, the temporary injunction is conditioned on the Debtors not being in default with regard to Plan payments to any class of Allowed Claims. See Plan, Art. VIII, § 8.5.

14. If the temporary injunction is not issued in favor of the Individual Shareholders, V&E will not convert its Allowed Secured Claims to equity. If V&E's claims are not converted to equity, certain secured creditors, such as the Internal Revenue Service, priority and unsecured claims would receive nothing under the Plan.

15. Finally, attached hereto as **Exhibit D** are the documents executed in relation to the Blackstone financing and entered into by the Debtors.

I certify under penalty of perjury that the foregoing is true and correct.

4

Dated: May 16, 2011

_/s/ Vincent A. Maietta Pro._
Vincent A. Maietta
V&E ENTERPRISES, INC.
199 Elderberry Drive
South Portland, ME 04106