## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>MAIETTA CONSTRUCTION, INC.<br>& MAIETTA ENTERPRISES, INC.<br><br>Debtor. | Chapter 11<br><br>Case Nos. 10-21171 and 11-20197<br><br>Jointly Administered |

## DECLARATION OF TIMOTHY H. NORTON, ESQ. IN SUPPORT OF DEBTORS' JOINT PLAN OF REORGANIZATION DATED APRIL 7, 2011

I, Timothy H. Norton, Esq., declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a shareholder at the law firm of Kelly, Remmel & Zimmerman, located at 53 Exchange Street, Portland, Maine 04112. I am corporate counsel to V&E Enterprises, Inc. ("V&E") and have represented V&E in this role since 1996.

2.    Premised on serving in the above-reference capacity, I am familiar with the operations and finances of V&E and all facts set forth herein are based on my personal knowledge, on my review of information supplied to me by others within V&E's organization, upon my review of relevant documents, or on my opinion based upon my experience and knowledge of V&E's operations and financial condition. If I were called to testify, I could and would testify competently to the facts set forth herein.

3.    I submit this declaration in support of the Debtors' Joint Plan of Reorganization Dated April 7, 2011 [Docket No. 238] (the "Plan") filed by Maietta Construction Inc. ("Construction") and Maietta Enterprises, Inc. ("Enterprises" and, collectively, the "Debtors").

4.    In the scope of my representation of V&E, I represented V&E, and prepared certain documents, in relation to a loan transaction between V&E and Construction.

Specifically, pursuant to that certain Promissory Note dated April 16, 2004 (the "Note"), V&E agreed to loan Construction a principal amount of $300,000.00. A true and correct copy of the Note is attached hereto as **Exhibit A**. The Note is secured by a Security Agreement dated April 16, 2004 (the "Security Agreement"), pursuant to which Construction's obligations under the Note are secured by all or substantially all of Construction's personal property, including, but not limited to, equipment, accounts receivable, general intangibles, and all tangible and intangible goods. A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**. As set forth in the Security Agreement, the Security Agreement secures the repayment of the principal amount of the Promissory Note as well as "future advances to be made by Secured Party to Debtor at Secured Party's option" and "all liabilities of Debtor to Secured Party now existing or hereafter incurred." Security Agreement, p. 4.

5.      V&E's security interest was properly perfected by the filing of a UCC-1 Financing Statement with the Maine Secretary of State against Construction on April 20, 2004, a true and correct copy of which is attached hereto as **Exhibit C**, and which Financing Statement was subsequently continued.

6.      The loans made by V&E to the Debtors, to my understanding, were not, nor were they intended to be, capital contributions. V&E made such loans to the Debtors with the expectation of repayment, as evidenced by the Note and Security Agreement. In consideration for issuance of a temporary injunction in favor of the Individual Shareholders,[1] V&E has consented to converting the approximately $2 million of debt owed to it by the Debtors into equity in the Reorganized Debtor. V&E will not convert the $2 million of secured debt into equity in the absence of a temporary injunction in favor of the Individual Shareholders and would assert its Allowed Secured Claims against the Debtors.

_____

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: May 17, 2011

Timothy H. Norton, Esq.
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
P.O. Box 597
Portland, ME 04112
(207) 775-1020 ext. 215